UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA GALE,

        Plaintiff,                                    Hon. Paul L. Maloney

v.                                                      Case No. 1:18-cv-859

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Secretary of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Secretary of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly

rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 49 years of age on her alleged disability onset date. (ECF No. 11-6, PageID.256). She successfully completed high school and worked previously as a parking attendant. (ECF No. 11-2, PageID.63). Plaintiff applied for benefits on September 8, 2015, alleging that she had been disabled since July 1, 2015, due to bipolar disorder, depression, anxiety, spinal osteoarthritis, fibrous dysplasia, and vasovagal syncope.[1] (PageID.256-63, 305). Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 11-3-5, PageID.122-253). Following an administrative hearing, ALJ Sarah Smisek, in an opinion dated December 26, 2017, determined that Plaintiff was not disabled. (PageID.46-65, 70-97). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.36-40). Plaintiff timely filed this judicial review.

---

[1] Vasovagal syncope occurs when one faints in response "to certain triggers, such as the sight of blood or extreme emotional distress." Vasovagal Syncope, available at https://www.mayoclinic.org/diseases-conditions/vasovagal-syncope/symptoms-causes/syc-20350527 (last visited on March 26, 2019). The vasovagal syncope trigger causes "your heart rate and blood pressure to drop suddenly. . . causing you to briefly lose consciousness." *Id.*

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997).

The ALJ determined that Plaintiff suffers from the following severe impairments: (1) degenerative disc disease of the cervical and lumbar spine; (2) syncope; (3) bipolar disorder; and (4) generalized anxiety disorder. None of these impairments, whether considered alone or in combination with other impairments,

satisfied the requirements of the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 11-2, PageID.48-52).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she requires a sit/stand option, defined as work that can accomplished in both the sitting and standing positions such that the change in position will not cause her to go off task, and where, after sitting for thirty minutes, she would have the option to stand for up to ten minutes, and then have the option to sit for up to thirty minutes; (2) she can frequently balance, but can only occasionally stoop, kneel, crouch, or crawl; (3) she can occasionally climb ramps or stairs, but can never climb ladders, ropes, or scaffolds; (4) she must avoid exposure to extreme cold, vibratory tools, any machine dealing with vibration, hazardous machinery, and unprotected heights; (5) she is limited to unskilled work, defined as simple, routine tasks involving no more than simple, short instructions and simple work-related decisions with few workplace changes; and (6) she cannot have any contact with the general public and only occasional contact with co-workers. (PageID.52).

The ALJ found that Plaintiff was unable to perform her past relevant work, at which point the burden shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational

qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there are some 1.1 million jobs in the national economy that an individual with Plaintiff's RFC could perform. (PageID.92-96). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

**I.         The ALJ's RFC Assessment violates Res Judicata Principles**

Prior to initiating the present claims for disability benefits, Plaintiff pursued an earlier application, which was denied by ALJ Carol Guyton on June 22, 2015. (PageID.107-17). Plaintiff argues that she is entitled to relief on the ground that ALJ Smisek, in assessing Plaintiff's RFC, improperly deferred to ALJ Guyton's earlier RFC findings. To place Plaintiff's argument in the proper context and to

illustrate the error in ALJ Smisek's analysis, a brief history of how the Sixth Circuit has applied the concept of res judicata in Social Security cases is necessary.

The issue of whether or when a subsequent ALJ must follow findings made by a prior ALJ was addressed by the Sixth Circuit in *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990) and *Drummond v. Commissioner of Social Security* 126 F.3d 837 (6th Cir. 1997), as well as by the Social Security Administration in Acquiescence Rulings 98-3(6) and 98-4(6). The Sixth Circuit recently revisited this line of authority in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018).

### A. *Dennard v. Secretary of Health and Human Services*

Donald Dennard filed an application for benefits which was eventually denied on the ground that, while he could no longer perform his past relevant work, he retained the ability to perform sedentary work which existed in significant numbers. *Dennard*, 907 F.2d at 598-99. Dennard later submitted another application for benefits. This latter application was denied by an ALJ on the ground that Dennard *could* perform his past relevant work. *Id.* at 599. An appeal of this decision to federal district court was unsuccessful. The Sixth Circuit reversed the district court and ordered that the matter be remanded for further consideration. *Id.* at 600. Specifically, the court held that the latter ALJ was estopped, on res judicata grounds, from contradicting the prior determination that Plaintiff was unable to perform his past relevant work. *Id.*

B.  *Drummond v. Commissioner of Social Security*

Grace Drummond filed an application for benefits, which was denied on a finding that, while she could no longer perform her past relevant work, she could perform sedentary work that existed in significant numbers. *Drummond*, 126 F.3d at 838. Drummond later filed another application for benefits, which was denied on the finding that she retained the ability to perform medium work. *Id.* at 838-39. After unsuccessfully appealing the matter in federal district court, Drummond pursued the matter in the Sixth Circuit. *Id.* at 839-40. Based, in part, on the *Dennard* decision, the *Drummond* court held that "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 840-42. Thus, if an earlier ALJ makes a finding regarding a claimant's RFC, a later ALJ is bound by that RFC determination absent evidence to the contrary. *See, e.g., Gay v. Commissioner of Social Security*, 520 Fed. Appx. 354, 356 (6th Cir., Apr. 2, 2013).

C. Acquiescence Rulings 98-3(6) and 98-4(6)

Finding that *Dennard* and *Drummond* conflicted with Social Security policy, the Social Security Administration issued Acquiescence Rulings 98-3(6) and 98-4(6). *See* Acquiescence Ruling (AR) 98-3(6), 1998 WL 274051 (Soc. Sec. Admin., June 1, 1998); Acquiescence Ruling (AR) 98-4(6), 1998 WL 274052 (Soc. Sec. Admin., June 1, 1998). With respect to how *Dennard* and *Drummond* differed from Social Security policy, the Social Security Administration observed:

> Under SSA policy, if a determination or decision on a disability claim has become final, the Agency may apply administrative res judicata with respect to a subsequent disability claim under the same title of the Act if the same parties, facts and issues are involved in both the prior and subsequent claims. However, if the subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative res judicata. Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues de novo in determining disability with respect to the unadjudicated period.

AR 98-3(6), 1998 WL 274051 at 29771; AR 98-4(6), 1998 WL 274052 at 29773.

To resolve the conflict between Sixth Circuit authority and Social Security policy, the Social Security Administration concluded that it would apply *Dennard* and *Drummond*, within the Sixth Circuit:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-3(6), 1998 WL 274051 at 29771; AR 98-4(6), 1998 WL 274052 at 29773.

In other words, the Social Security Administration adopted, with respect to applications brought within the geographic territory of the Sixth Circuit, the holdings in *Dennard* and *Drummond*.

### D. *Earley v. Commissioner of Social Security*

In 2012, an ALJ denied Sharon Earley's application for disability benefits, finding that she retained the ability to perform a limited range of light duty work. *Earley*, 893 F.3d at 930. Earley subsequently submitted another application for benefits, which was likewise denied based on Earley's failure to provide "new and material evidence of a changed circumstance" as required by *Drummond*. *Earley*, 893 F.3d at 931. Earley appealed the matter to federal court resulting in a decision that the preclusion rule articulated in *Drummond* applied only if application of such benefitted the claimant. *Earley*, 893 F.3d at 931. The matter was appealed to the Sixth Circuit, which took the opportunity to reexamine the *Drummond* decision.

Observing that "[u]nusual facts . . . led to some overstatement in *Drummond*," the court nevertheless concluded that "*Drummond* correctly held that res judicata may apply to administrative proceedings." *Earley*, 893 F.3d at 933. Thus, if a claimant files a second application covering the same period of time, res judicata properly applies absent good cause to revisit the earlier determination. As the court further recognized, however, res judicata has no application where a claimant files a subsequent application seeking benefits for a distinct period of time. Accordingly, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review." *Ibid.*

The court was careful, however, to make clear that "[f]resh review is not blind review." *Id.* at 934. Thus, while an ALJ evaluating a subsequent application for benefits may not be bound to follow a previous determination, she may nevertheless

"consider what an earlier judge did if no other reason than to strive for consistent decision making." *Ibid.* Accordingly, "it is fair for an [ALJ] to take the view that, absent new and additional evidence, the first [ALJ's] findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.* at 933. In sum, *Earley* stands for the proposition that when an ALJ evaluates a subsequent application for benefits, covering a distinct period of time, the ALJ can properly consider a previous ALJ's RFC assessment and errs only when he considers the previous RFC a mandatory starting point for the analysis. *See, e.g., Dunn v. Commissioner of Social Security*, 2018 WL 4574831 (W.D. Mich., Sept. 25, 2018); *Brent v. Commissioner of Social Security*, 2018 WL 5118598 (E.D Mich., Aug. 21, 2018); *Arendt v. Commissioner of Social Security*, 2019 WL 1058263 (N.D. Ohio, Mar. 6, 2019).

The relevant question in this case, then, is whether ALJ Smisek merely considered the previous RFC assessment as part of her analysis or whether she considered it a mandatory starting point for her analysis. Defendant argues that ALJ Smisek considered ALJ Guyton's earlier findings only as a "reference point," affording Plaintiff's application the "fresh review" required by *Earley*. A review of ALJ Smisek's opinion, however, compels a contrary conclusion. With respect to ALJ Guyton's previous decision, ALJ Smisek stated:

> The undersigned has also considered this matter in accordance with AR 98-4(6). The claimant filed a prior application and was found not disabled pursuant to an ALJ decision issued on June 22, 2015. The prior ALJ found the claimant retained the residual functional capacity to

-11-

>perform light work involving standing and/or walking for up to four hours, additional postural and environmental limitations, unskilled work, limited contact with coworkers, and no contact with the public (Ex. B1A). Although the record contains new medical evidence pertaining to the period currently under consideration, this evidence does not establish that the claimant has experienced any material worsening of her condition. Indeed, the medical evidence for the period currently under consideration shows comparatively minimal treatment and generally unremarkable clinical examination findings for the claimant's degenerative disc disease, which suggests improvement in this condition and no longer supports a conclusion that the claimant is limited to standing and/or walking for no more than four hours in an eight-hour workday. Accordingly, the undersigned has adopted the residual functional capacity from the prior ALJ decision, but omitted the specific limitation pertaining to standing and/or walking for no more than four hours in an eight-hour workday and instead included a sit/stand option.

(PageID.62).

As discussed above, AR 98-4(6) expressly provides that an ALJ evaluating a subsequent application for benefits "must adopt such a finding from the final decision by an ALJ . . . on the prior claim . . . unless there is new and material evidence relating to such a finding. . . ." Thus, ALJ Smisek did not merely consider ALJ Guyton's previous analysis, but instead considered herself bound by such. As the *Earley* court held, this constitutes reversible error in response to which "[t]he ALJ should have another opportunity to review the application under the correct standard." *Earley*, 893 F.3d at 934.

**II.        Remand is Appropriate**

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013).  This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also, Brooks*, 531 Fed. Appx. at 644.  Evaluation of Plaintiff's claim requires the resolution of factual disputes which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, the undersigned recommends that this matter be remanded for further administrative action.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be vacated and this matter remanded to the Commissioner for further administrative action.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal

the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:   April 17, 2019 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge