UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA GALE,
        Plaintiff,

-v-

COMMISSIONER OF SOCIAL SECURITY,
        Defendant.

No. 1:18-cv-859

Honorable Paul L. Maloney

## ORDER ADOPTING REPORT AND RECOMMENDAITON

Patricia Gale filed a complaint seeking review of the denial of her second application for social security benefits. The magistrate judge issued a report recommending the Commissioner's decision be vacated and the matter be remanded for further factual findings. (ECF No. 22.) The Commissioner filed objections. (ECF No. 23.) Having reviewed the record, the Court will adopt the report and recommendation.

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned. Fed. R. Civ. P. 72(a). Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)). Under Rule 72(a), a district court reviews the legal conclusions of a magistrate judge under the contrary to law

standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). The reviewing court must exercise independent judgment with respect to those legal conclusions and may overturn those conclusions which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Doe v. Aramark Ed. Res.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (quoting *Gandee*, 785 F. Supp. at 686).

The magistrate judge concludes the ALJ followed the law as it was at the time, which required her to adopt the findings from an earlier decision made by a different ALJ. After this second decision denying benefits, the Sixth Circuit clarified how *res judicata* principles should be applied in subsequent disability claims. *See Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929 (6th Cir. 2018). Because the earlier ALJ's decision was not binding, the later decision erred by treating it as such.

The Government objects. The Government reasons that the ALJ independently reviewed the record but did not blindly accept the prior findings. The Government contends that the manner in which the decision was written indicates that the ALJ did not consider herself bound by the prior decision.

The objection is OVERRULED. To accept the Government's argument, the Court would have to conclude that the ALJ did not follow the law as it existed when she issued her decision denying Gale's second application for benefits. To accept the Government's interpretation of the ALJ's decision, the Court would have to find that the ALJ anticipated the clarification in *Earley* months before the Sixth Circuit issued that decision. The record does not support the Government's objection.

The ALJ's December 2017 decision followed the law as it existed at that time. The ALJ understood that Gale sought benefits for a time period that was not covered by the previous denial of benefits. The ALJ discussed, in detail, Gale's medical records for the new time period. In reaching her conclusion, the ALJ used the prior ALJ's findings as the starting point and considered whether Gale's condition had changed. This ALJ referenced the Social Security Administration's Acquiescence Ruling 98-4(6), which required the adoption of the findings contained in the earlier decision denying benefits. Because she was required to do so, this ALJ then adopted the residual functional capacity (RFC) findings from the prior ALJ decision, with one modification which reflected new medical evidence.

The holding in *Earley* clarifies that an ALJ reviewing a second application for benefits for a time period not covered by the first application is not bound by the prior decision. *Earley*, 893 F.3d at 933. The magistrate judge succinctly explained how the error occurred and why remand is necessary; "the ALJ can properly consider a previous ALJ's RFC assessment and errs only when [s]he considers the previous RFC a mandatory starting point for the analysis." (R&R at 11 PageID.871.)

For these reasons, the Report and Recommendation (ECF No. 22) is **ADOPTED** as the Opinion of this Court. The Commissioner's decision is **VACATED** and the matter is **REMANDED** for further administrative action. **IT IS SO ORDERED.**

Date: February 21, 2020 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge